UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Frederick of the Family Gonora,<br><br>    Plaintiff,<br><br>v.<br><br>Office of Child Support Services, *et al.*,<br><br>    Defendants. | Civil Action No.<br>3:18-CV-3793 (PGS) (TJB)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion filed by Defendant County of Monmouth to dismiss Plaintiff's complaint. (ECF No. 28). Defendant Office of Child Support Services (OCSS) has joined this motion. (ECF No. 30). Because this matter is the subject of an ongoing state court proceeding, this Court shall dismiss the complaint. Further, to grant Plaintiff another chance to amend would be futile; as such, the dismissal is with prejudice.

### BACKGROUND

Plaintiff's complaint is very difficult to construe; however, he appears to challenge services provided by the Child Support Enforcement Program, known as Title IV-D, 42 U.S.C. § 651 *et seq.* It appears that individuals associated with OCSS performed paternity establishment services, without giving plaintiff due notice. Specifically, Plaintiff claims these individuals used his social security number to violate his constitutional rights "by using the number to track and hunt him

down through Proactive Matching." (Amended Complaint, ECF No 25 at ¶ 36). Plaintiff asserts federal civil rights claims for general deprivations of constitutional rights.

Plaintiff initially filed a complaint on March 19, 2018. This Court, after hearing oral argument, dismissed that complaint by order dated November 26, 2018. (ECF No. 23). Plaintiff then filed an amended complaint on December 7, 2018. (ECF No. 25). Defendant filed this motion on December 19, 2018. (ECF No. 28).

## LEGAL ANALYSIS

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),[1] the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium,* 214 F.3d 395, 397-98 (3d Cir. 2000).

---

[1] "Dismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Prop., Inc. v. Lower Gwynedd Twp.,* 970 F.2d 1195, 1206 n.18 (3d Cir. 1992); *see also Yarborough v. Johnson,* 2018 WL 6567701 at *2 (D.N.J. Dec. 12, 2018) (recognizing that although "[s]trictly speaking, *Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)," "courts in this District have treated a motion to dismiss on the basis of *Younger* abstention as a Rule 12(b)(6) motion to dismiss." (citation omitted)).

Where, as here, Plaintiff is proceeding *pro se*, the Court reads Plaintiff's complaint generously and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, "a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case; and also to show that there is a genuine dispute for trial." *Niblack v. Murray*, No. 12-6910, 2016 U.S. Dist. LEXIS 99325, at *7 (D.N.J. July 29, 2016) (citing *Barnett v. N.J. Transit Corp.*, 573 Fed. App'x 239, 243 (3d Cir. 2014)).

### Abstention

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "This duty is not, however, absolute." *Id.* "[F]ederal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest, for example, where abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).

"*Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Abstention should be invoked rarely; "only 'in a few carefully defined situations.'" *Zahl v. Warhafting*, 655 Fed. App'x, 66, 70 (3d Cir. 2016) (quoting *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992)). "[I]n order for a district court to abstain under *Younger*, three requirements must be met: (1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings

3

must provide an adequate opportunity to raise federal claims." *Dixon v. Kuhn*, 257 Fed. App'x 553, 555 (3d Cir. 2007) (citing *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003)). Each factor is evaluated below.

As to the first factor, the amended complaint alleges the existence of an ongoing state court proceeding that concerns the payment of child support, as shown in several references:

- "N.J. OCSS agents induced the Monmouth county Administrator, Board of Chosen freeholders, attorneys, family court judges, clerk of court, sheriff's department etc., to voluntarily enter into a 45 C.F.R. §302.34 Title IV-D contract to provide Title IV-D enforcement services that are initiated by OCSS and only target the individual group defined as non-custodial parents in return for payment from the Federal Government." (Amended Complaint at ¶ 8).

- "Monmouth County Chancery Division Family Part Judges provides magistrate services that target only individual non-custodial parents subject to Title IV-D activities . . . and certify that all hearings are conducted in compliance with Title IV-D of the Social Security Act." (Amended Complaint at ¶ 20).

- The Monmouth County Family Court and Probation Division "makes collections on behalf of the court from persons ordered to pay support in a decree of divorce or legal separation" (Amended Complaint at ¶ 21).

- Plaintiff demands $120,000.00 from Monmouth County Chancery Division Family Part judges and from Monmouth County Clerk of Court. (Amended Complaint at ¶ 54).

- Plaintiff seeks to "vacate all past judgments made by the Contractor-Judges in the Monmouth County Chancery Division-Family Part." (Amended Complaint at ¶ 54).

As the Third Circuit has stated, "New Jersey courts are charged with monitoring, enforcing, and modifying child support obligations throughout the duration of a child support order." *DiPietro v. N.J. Family Support Payment Ctr.*, 375 Fed. App'x 202, 204 (3d Cir. 2010).

Regarding the second factor, "there is no question that state child support proceedings implicate important state interests" because the protection of children is an important obligation of state and local government. *DiPietro*, 375 Fed. App'x at 205. And finally, as to the third factor,

plaintiff "is able to raise his claims in state court and to appeal adverse decisions through the state appellate system and to the United States Supreme Court." *Id.*; *see also Anthony v. Council*, 316 F.3d 412, 415, 417-18 (3d Cir. 2003). Indeed, New Jersey courts have the authority to monitor, enforce, and modify child support obligations. *See* N.J. Stat. Ann. § 2A:17-56.9a; N.J. Ct. R. 5:7-5; N.J. Ct. R. 5:25-3; *see also Anthony v. Council*, 316 F.3d 412, 419 (3d Cir. 2003).[2]

At oral argument, Plaintiff indicated that he never received a prior order and a prior opinion and order entered in a state court proceeding, dated May 15, 2013, and March 3, 2016, respectively. He appears to contend that he is not challenging that he is the custodial parent. Rather, Plaintiff claims that material facts were not considered by the state court judge; the Court notes that Plaintiff has cited no reason he cannot raise this argument before the state court judge. As such, the alleged lack of notification does not weigh against the Court abstaining here in light of *DiPietro*. It is clear based on the written submissions of the parties and the arguments set forth on February 5, 2019, that the issues raised herein are more properly addressed in state court. Therefore, dismissal shall be with prejudice because an amendment would be futile.

---

[2] Likewise, the Court declines to assess whether Title IV-D is "in the nature of a contract in return for federal funds," but notes that at least one court has held, the requirements of Title IV-D to be "a valid exercise of Congress' spending power," which leaves the states "free to reject both the conditions and the funding." *Kansas v. United States*, 214 F.3d 1196, 1204, 1203 (10th Cir. 2000). Plaintiff also cites no prohibition on him raising this claim in state court.

## ORDER

**IT IS** on this 20 day of March, 2019;

**ORDERED** that the motion to dismiss by Defendant County of Monmouth, (ECF No. 28), and joined by New Jersey Office of Child Support Services, (ECF No. 30), is granted; and it is further

**ORDERED** that the clerk is directed to close the file.

_____
PETER G. SHERIDAN, U.S.D.J.